# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK WAKEFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 07cv0800 |
| ) | |
| OFFICER KEVIN WRIGHT and ) | |
| CHIEF HOWARD KIFER, of the Glassport ) | |
| Police Department; and ) | |
| KATY HANDRA, Glassport Pool Manager; ) | |
| as well as the BOROUGH OF GLASSPORT, ) | |
| a municipal corporation; ) | |
| In all Official and Personal Capacities, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF COURT

Presently before the Court is the REQUEST BY FRANK WAKEFIELD FOR ENTRY OF DEFAULT AGAINST KEVIN WRIGHT, HOWARD KIFER, KATY HANDRA, AND THE BOROUGH OF GLASSPORT (*Document No. 6*) and the ADDENDUM IN SUPPORT OF REQUEST FOR DEFAULT (*Document No. 9*).

Plaintiff initiated this matter on May 8, 2007, in the Court of Common Pleas of Allegheny County, at GD-07-009753, by the filing of a Praecipe for Issuance of a Writ of Summons and a Complaint. Named as defendants were the following: Officer Kevin Wright and Chief Howard Kifer, of the Glassport Police Department; Katy Handra, Glassport Pool Manager; the Borough of Glassport; Lieutenant Timothy Conboy and Chief Kenneth Holland of the Dravosburg Police Department; and the Borough of Dravosburg. In his Complaint, Plaintiff sets forth a variety of claims based upon his arrest on August 20, 2003.

On June 14, 2007, Defendant Borough of Dravosburg removed the case to this Court. On November 13, 2007, Defendants Borough of Dravosburg, Leiutenant Timothy Conboy and Chief Kenneth Holland, of the Dravosburg Police Department, filed a motion to dismiss all claims brought against them. In lieu of responding to the motion to dismiss, on December 3, 2007, Plaintiff filed a Motion to Amend Complaint, in which he voluntarily dismissed all claims against these three defendants. By Order of Court dated December 4, 2007, the Court granted Plaintiff's Motion to Amend Complaint, dismissed with prejudice Defendants Lieutenant Timothy Conboy, Chief Kenneth Holland and the Borough of Dravosburg, and denied as moot the Motion to Dismiss.

Simultaneously with the filing of a Motion to Amend Complaint, Plaintiff also filed a Request for Entry of Default pursuant to Federal Rule of Civil Procedure 55(a) against defendants Kevin Wright, Howard Kifer, Katy Handra, and the Borough of Glassport for their alleged failure to "plead, answer, or otherwise defend in this cause as required by law." Request for Default. However, Plaintiff failed to provide proof that these Defendants had been properly served and, as a result, was advised by the Clerk's office to supplement the record to provide proof of service.

On December 17, 2007, Plaintiff filed an Addendum to his Request for Entry of Default in which he attached a number of documents in an effort to demonstrate that defendants Kevin Wright, Howard Kifer, Katy Handra, and the Borough of Glassport had been properly served. Exhibit G is a document entitled Acceptance of Service which appears to reflect that the Borough of Glassport was served via Priority Mail Service with a Writ of Summons on May 9, 2007; Exhibit H, a Sheriff Return, reflects that Officer Kevin Wright was personally served

with a Writ of Summons on May 21, 2007, and Exhibit I, a Sheriff Return, reflects Chief Howard Kifer was served via "Sgt Lafever," an "agent or person in charge of Defendant(s) office or usual place of business" with a Writ of Summons on May 21, 2007. However, the record does not reflect that these defendants were ever served with a copy of the Complaint.

A properly served Writ of Summons has the effect of tolling the statute of limitations; it does not have the effect of obligating a defendant take any action to "plead, answer, or otherwise defend . . . ." Only upon the service of a Complaint, either by formal service or otherwise, is a defendant required to take any action.

Exhibit J is a copy of a USPS Delivery confirmation receipt which reflects that a certified mail package was delivered and accepted by Defendant Katy Handra on June 30, 2007. However, the record does not reflect if Defendant Handra was sent either a valid Writ of Summons and/or a Complaint.

From the record as it currently exists before the Court, it does not appear that service has been properly effected on defendants Kevin Wright, Howard Kifer, Katy Handra, and the Borough of Glassport. Therefore, Plaintiff's Request for Entry of Default is **DENIED.**

It is axiomatic that service of a summons must meet procedural requirements before a federal court can exercise personal jurisdiction over a defendant. *Khorozian v. McCullough*, 183 F.R.D. 325 (3d Cir. 1999). "In all cases removed from any State court to any district court of the United States in which any one or more of the defendant has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in the such district court." 28 U.S.C. §1448.

Pursuant to Federal Rule of Civil Procedure 4(e), service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States: (i) pursuant to the law of the state in which the district court is located, or in which service is effected; (ii) by delivering a copy of summons and complaint to the individual personally; (iii) by leaving a copy of the summons and complaint at the individual's "dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (iv) by delivering summons and complaint to an "agent authorized by appointment or by law to receive service of process." *See* Rule 4(e).

Service upon a state, or municipal corporation, or any other state-created governmental organization that is subject to suit must be served by either (i) delivering a copy of the summons and of the complaint to its chief executive officer; or (ii) by serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. *See* Rule 4(j).

Additionally, Rule 4(d)(1) provides that a plaintiff <u>may</u> notify a defendant that an action has been commenced and request that the defendant waive service of the summons. Pursuant to Rule 4(d)(4), the action will proceed as if summons and complaint had been served when the plaintiff files with the Court a waiver of service for each defendant, signed by each defendant.

<u>Plaintiff is advised to use the form entitled "Notice of Lawsuit and Request for Waiver of Service of Summons, of which eight copies accompany this order</u>.

It is hereby **ORDERED** that on or before **February 27, 2008**, Plaintiff shall either have (i) notified defendants of the commencement of this action and request that they waive

4

service of the summons in accordance with Rule 4(d)(1) or (ii) complete service of process in accordance with Federal Rules of Civil Procedure 4(e) and (j).  The following two sections contain instructions on how to serve defendants.

*(1) Waiver of Service*

Pursuant to Rule 4(d)(1), Plaintiff may (but is not required) to notify defendants of the commencement of this action and request that they waive service of the summons.  If Plaintiff wishes to do this, he must mail each defendant (1) the form entitled "Notice of Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled  entitled "Waiver of Service of Summons," (3) a copy of the First Amended Complaint, copies of which are attached to the Order, and (4) a copy of this Order.  The documents must be addressed directly to each defendant and must be sent by first-class mail or other reliable means.  The Waiver of Service of Summons form must set forth the date on which the request is sent and must allow each defendant at least thirty (30) days in which to return the waiver to plaintiff.  If defendants sign and return the waiver form to Plaintiff, Plaintiff must then file the forms with the court.  After filing the forms with the court, Plaintiff need not take any further steps to serve defendants.  Fed. R. Civ. P. 4(d)(4).

*(2)  Personal Service*

If either (i) Plaintiff does not wish to request defendants to waive service or (ii) one or more of the defendants fail to return the Waiver of Service of Summons form to Plaintiff, Plaintiff must have personal service effected on defendants.  Each defendant must be personally served with a summons (a copy of which is attached) and a copy of the First Amended Complaint, along with a copy of this order.  <u>Plaintiff may not effect personal service himself</u>.

Fed. R. Civ. P. 4(c)(2). Service may be effected by any person who is not a party to this action and who is at least eighteen years old. *Id.* The Court will provide Plaintiff with a copy of Rule 4 along with this order.

Plaintiff's failure to timely complete service of the First Amended Complaint on the defendants will result in dismissal of this action. *See* Federal Rule of Civil Procedure 4(m).

So **ORDERED** this 28th day of December, 2007.


BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge


cc:     Frank Wakefield
        2227 High Street
        Glassport, PA 15045