# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK WAKEFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 07cv0800 |
| | ) | |
| OFFICER KEVIN WRIGHT, and | ) | |
| CHIEF HOWARD KIFER, of the | ) | |
| Glassport Police Department; and | ) | |
| KATY HANDRA, Glassport Pool Manager; | ) | |
| as well as the BOROUGH OF GLASSPORT, | ) | |
| a municipal corporation; In all Official and | ) | |
| Personal Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court for disposition is the MOTION TO DISMISS, with brief in support, filed by Defendants Kevin Wright, Howard Kifer, Katy Handra, and the Borough of Glassport (Document Nos. 17 and 18) and the response in opposition filed by Plaintiff, Frank Wakefield (Document No. 20). For the reasons that follow, the Motion will be granted with prejudice as to Plaintiff's federal claims. The Court will also remand to the Court of Common Pleas of Allegheny County the remaining pendent state claims.

The Amended Complaint sets forth in relevant part the following: On August 20, 2003, the Plaintiff and his family were at the Glassport municipal pool An incident arose which eventually led to Plaintiff being arrested and charged with summary disorderly conduct.

On May 8, 2007, Plaintiff filed a civil action in the Court of Common Pleas of Allegheny County in which he alleged that his constitutional rights had been violated pursuant

42 U.S.C. § 1983[1] and alleged a variety of additional Pennsylvania common law claims.[2] All claims in the Complaint were based upon his arrest on August 20, 2003. On June 14, 2007, the matter was removed to this Court.

Defendants have filed the instant motion to dismiss in which they argue, *inter alia*, that Plaintiff's federal claims are barred by the applicable statute of limitations.

The United States Supreme Court has held that the statute of limitations for a Section 1983 claim based upon an alleged false arrest accrues when the arrestee appeared before an examining magistrate and was bound over for trial. *Wallace v. Kato*, 127 S. Ct. 1091, 1096 (2007). Federal courts look to the law of the state where the cause of action arose in order to determine the applicable statute of limitations. *Id.* Under Pennsylvania law, the statute of limitations for a claim for false arrest is two (2) years.

In the instant case, it is undisputed that Plaintiff was arrested on August 20, 2003. Therefore, the statute of limitations began to run on Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 on August 20, 2003. Plaintiff had until 11:59 p.m. on August 20, 2005 to file his claim(s) under 42 U.S.C. § 1983. Plaintiff did not file this action until May 8, 2007, well after

---

[1] Count 10 - Deprivation of Civil Rights, 42 U.S.C. § 1983; (a) Deprivation of a Cause of Action (First Amendment); (b) Deprivation By Unreasonable Search and Seizure (Fourth Amendment); and (c) Deprivation by Denial of Due Process (Fifth and Fourteenth Amendments).

[2] Count 1 - Malicious prosecution; Count 2 - Bad Faith Prosecution; Count 3 - Vindictive Prosecution; Count 4 - Abuse of Process Prosecution; Count 5 - Selective Prosecution; Count 6 - Retaliatory Prosecution; Count 7 - Failure to Train, Supervise and Discipline; Count 8 - Negligent and/or Intentional Infliction of Severe Emotional Distress; Count 9 - Respondent Superior / Vicarious Liability; Count 11 - Deprivation of Civil Rights Secured by State Constitution; Count 12 - Conspiracy; and Count 13 - Invasion of Privacy.

the statute of limitations had expired.

In addition to the federal constitutional claims addressed above, Plaintiff also brings a variety of state law claims. The United States Court of Appeals for the Third Circuit has held that if the federal counts of a complaint are dismissed then the district court should "ordinarily refrain from exercising jurisdiction [over the state law claims] in the absence of extraordinary circumstances." *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 195-96 (3d Cir. 1976). *See also Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("Under Gibbs jurisprudence, where the claims over which the district court has original jurisdiction are dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.")

Because the Court has dismissed Plaintiff's federal claims, and given that there are no extraordinary circumstances which would warrant the exercise of jurisdiction over the pendent state law claims, the Court will decline to exercise supplemental jurisdiction. Accordingly, Plaintiff's common law claims will be remanded to Court of Common Pleas of Allegheny County. *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530 (3d Cir. 1992) (once all federal claims have been dropped from the case, the case should either be dismissed or transferred to the Pennsylvania Court of Common Pleas pursuant to 42 Pa. Cons. Stat. Ann. § 5103(b)).

For the reasons discussed *supra*, the Motion to Dismiss will be granted to Defendants on Plaintiff's federal claims as alleged in the Amended Complaint and the remaining state law claims will be remanded to the Court of Common Pleas of Allegheny County.

An appropriate order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK WAKEFIELD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER KEVIN WRIGHT, and )<br>CHIEF HOWARD KIFER, of the )<br>Glassport Police Department; and )<br>KATY HANDRA, Glassport Pool Manager; )<br>as well as the BOROUGH OF GLASSPORT, )<br>a municipal corporation; In all Official and )<br>Personal Capacities, )<br>)<br>Defendants. ) | 02: 07cv0800 |

## ORDER OF COURT

AND NOW, this 14th day of March, 2008, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss filed by Defendants is **GRANTED** as to all claims brought pursuant to 42 U.S.C. § 1983. The clerk shall remand this matter to the Court of Common Pleas of Allegheny County forthwith.

The Clerk shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Frank Wakefield
2227 High Street
Glassport, PA 15045

Gary J. Matta, Esquire
Dodaro, Kennedy & Cambest
Email: office@dodarocambest.com