# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK WAKEFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 07cv0800 |
| | ) | |
| OFFICER KEVIN WRIGHT, and | ) | |
| CHIEF HOWARD KIFER, of the | ) | |
| Glassport Police Department; and | ) | |
| KATY HANDRA, Glassport Pool Manager; | ) | |
| as well as the BOROUGH OF GLASSPORT, | ) | |
| a municipal corporation; In all Official and | ) | |
| Personal Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Presently pending before the Court for disposition is the MOTION FOR RELIEF FROM JUDGMENT OR ORDER RULE 60(b)(6), F.R.CIV.P. filed by Plaintiff, Frank Wakefield, pro se (Document No. 22) and the RESPONSE in opposition filed by Defendants Officer Kevin Wright, Howard Kifer, Katy Handra, and the Borough of Glassport (Document No. 24).

Plaintiff asks the Court for reconsideration of the Memorandum Opinion and Order of Court entered March 14, 2008, in which the Court granted the Motion to Dismiss filed by Defendants. In that Opinion, the Court found that the Plaintiff's claims in which he alleged that his federal constitutional rights had been violated pursuant to 42 U.S.C. § 1983 should be dismissed as being barred by the applicable two year statute of limitations.[1]

---

[1]    Count 10 - Deprivation of Civil Rights, 42 U.S.C. § 1983; (a) Deprivation of a Cause of Action (First Amendment); (b) Deprivation By Unreasonable Search and Seizure (Fourth Amendment); and (c) Deprivation by Denial of Due Process (Fifth
(continued...)

Generally a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or to prevent manifest injustice. *Hirsch Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986).

Plaintiff claims that the Court erred when it dismissed "the entire civil rights claim . . . based solely upon a statutory time bar *applicable only* to the false arrest tort"and that the Court should not have dismissed "any of the malicious prosecution type claims" based on a statutory time bar. Plaintiff does not dispute that his claims based upon false arrest were untimely.

Upon review of the Amended Complaint, only Count 1 clearly refers to a claim based upon "malicious prosecution." Because Count 1did not indicate the nature of the malicious prosecution claim, nor did it refer to federal law, federal rights, or § 1983, the Court evaluated the claim of "malicious prosecution" in Count 1 as being brought solely under Pennsylvania common law. Plaintiff now argues that not only does his Amended Complaint contain claim(s) for a violation of his constitutional rights based on false arrest, but also contains a federal claim for malicious prosecution.

In an abundance of caution, and considering that Plaintiff is proceeding *pro se* in this action, the Court will **GRANT** the Plaintiff's request for reconsideration only as to the issue of whether Plaintiff's federal claim for malicious prosecution should be dismissed.

---

[1](...continued)
and Fourteenth Amendments).

So **ORDERED** this 1st day of May, 2008.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Frank Wakefield
2227 High Street
Glassport, PA 15045

Gary J. Matta, Esquire
Dodaro, Kennedy & Cambest
Email: office@dodarocambest.com