# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK WAKEFIELD, )<br>)<br>         Plaintiff, )<br>)<br>        v. )<br>)<br>OFFICER KEVIN WRIGHT, and )<br>CHIEF HOWARD KIFER, of the )<br>Glassport Police Department; and )<br>KATY HANDRA, Glassport Pool Manager; )<br>as well as the BOROUGH OF GLASSPORT, )<br>a municipal corporation; In all Official and )<br>Personal Capacities, )<br>)<br>        Defendants. ) | 02: 07cv0800 |

**MEMORANDUM OPINION AND ORDER**

Presently pending before the Court is the issue of whether Plaintiff's federal claim for malicious prosecution brought pursuant to 42 U.S.C. § 1983 should be dismissed.

The Amended Complaint sets forth in relevant part the following: On August 20, 2003, the Plaintiff and his family were at the Glassport municipal pool An incident arose which eventually led to Plaintiff being arrested and charged with summary disorderly conduct pursuant to 18 Pa. C.S.A. § 5503(a)(4). Plaintiff alleges that he and his family were asked to exit the pool by the pool manager, Defendant Katy Handra. (Amended Complaint, ¶¶ 9, 11, 13). Plaintiff alleges that he complained to Defendant Handra about being singled out, and she then asked Plaintiff and his family to leave the pool property. (*Id*. at ¶¶ 15, 16.) When Plaintiff refused to leave, Defendant Handra contacted the police. (*Id.* at ¶ 17).

Defendant Officer Kevin Wright, with the Borough of Glassport Police Department, responded to Defendant Handra's summons. Over the course of one hour, Officer Wright

repeatedly asked the Plaintiff to exit the pool area as per Handra's request. (*Id*. at ¶ 25). Plaintiff refused to do so, stating that he would only leave if he was in handcuffs. (*Id.* at ¶¶ 23, 24). Officer Wright ultimately arrested Plaintiff and charged him with summary disorderly conduct.

Plaintiff was found guilty of summary disorderly conduct at a hearing before District Justice Edward Burnett on September 22, 2003. (*Id.* at ¶ 29). Plaintiff filed an appeal from his conviction to the Court of Common Pleas of Allegheny County. After a trial de novo held on January 12, 2004, Plaintiff was found guilty by the Honorable Robert Gallo of the Court of Common Pleas of Allegheny County. (*Id*. at ¶¶ 31, 46).

Plaintiff filed a pro se appeal from his conviction to the Pennsylvania Superior Court. By memorandum decision and order filed May 20, 2005, the Pennsylvania Superior Court reversed Plaintiff's conviction. (*Id*. at ¶¶ 48, 49.)

The United States Supreme Court has never defined the contours of a section 1983 claim for malicious prosecution under the Fourth Amendment. *Wallace v. Kato,* ___ U.S. ____, 127 S. Ct. 1091, 1096 n.2 (2007); *Albright v. Oliver*, 510 U.S. 266, 270-71, 275 (1994) (plurality opinion). However, the United States Court of Appeals for the Third Circuit has recognized the existence of that kind of claim. *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).

For all claims premised on malicious prosecution, the statute of limitations does not begin to run until the underlying criminal proceedings have ended in plaintiff's favor. *Rose v. Bartle*, 871 F.2d 331, 348-49 (3d Cir. 1989). In the present case, the last criminal proceeding was held in the Pennsylvania Superior Court and a decision from that court was issued on May 20, 2005. Plaintiff filed the instant lawsuit in the Court of Common Pleas of Allegheny County

on May 8, 2007, within the two year statute of limitation applicable to malicious prosecution claims. Consequently, Plaintiff's claim(s) for malicious prosecution have been timely filed. Therefore, the merits of that claim must be addressed.

To prevail on a Fourth Amendment malicious prosecution claim under Section 1983, a plaintiff is required to establish that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.[1]

*Johnson v. Knorr*, 477 F.3d 75, 85 (3d Cir. 2007) (*quoting Estate of Smith*, 318 F.3d at 521).

Defendants argue that Plaintiff has failed to state a claim for malicious prosecution because two of the requisite elements have not been met, *to wit*: there was probable cause to arrest the Plaintiff for disorderly conduct [2] (third element) and the Defendants did not have any malicious intent in arresting and citing the Plaintiff for disorderly conduct (fourth element).

---

[1] The deprivation of liberty requirement is applicable when the malicious prosecution claim has been brought under the Fourth Amendment. However, a constitutional malicious prosecution claim might be brought which raises a First Amendment claim and does not implicate liberty issues. *See Hartman v. Moore*, 547 U.S. 250 (2006). In this case, Plaintiff did not cite the Fourth Amendment on his malicious prosecution claim. However, the Court has evaluated the federal malicious prosecution claim under the Fourth Amendment as there was an arrest, which clearly constitutes a Fourth Amendment seizure.

[2] The Court of Appeals recently clarified in *Johnson v. Knorr*, 477 F.3d 75, 85 (3d Cir. 2007), that probable cause to arrest on one charge does not insulate law enforcement from liability for malicious prosecution on other charges where no probable cause exists. Thus, in examining a claim for malicious prosecution, based on more than one charge, the district court must "separately analyze the charges claimed to have been maliciously prosecuted." *Id.* at 85. In this case, Plaintiff was arrested on only one charge, summary disorderly conduct.

3

The Court agrees. The fatal defect in Plaintiff's Section 1983 claim for malicious prosecution lies in the element of probable cause. Plaintiff cannot show an absence of probable cause because it is undisputed that Plaintiff was summarily convicted of disorderly conduct by District Justice Edward Burnett. That charge was then heard de novo by Judge Robert Gallo of the Court of Common Pleas of Allegheny County, in which Plaintiff was again found guilty of disorderly conduct. Although this conviction was ultimately reversed on appeal, "a conviction, upon examination by a judicial officer, conclusively establishes the existence of probable cause, regardless of whether the conviction is subsequently reversed on appeal." *Hamidian v. Occulto*, 854 F. Supp. 350, 354 (M.D. Pa. 1994) (quoting *Bussard v. Neil,* 616 F. Supp. 854, 857 (M.D. Pa. 1985)); *Lynn v. Smith*, 193 F. Supp. 887, 890 (W.D. Pa. 1961).

The neutral and experienced opinions of judicial officers, here a District Justice and a Court of Common Pleas Judge, that Plaintiff was guilty of the charge establishes the existence of probable cause.[3] Since probable cause has been established, Plaintiff cannot meet the requisite fourth element, i.e., that defendants acted with malice.

**Conclusion**

For the reasons hereinabove set forth, the Court finds that Plaintiff's Amended Complaint fails to state a Fourth Amendment malicious prosecution claim brought under Section 1983 and the specificity of the factual allegations necessitate a conclusion that it would

---

[3] It must be noted, however, that the Court's independent research has disclosed that a conviction upon an examination by a judicial officer, which is later reversed, may <u>not</u> be conclusive on the question of probable cause in a malicious prosecution claim under Pennsylvania common law. *See Hamidian v. Occulto*, 854 F. Supp. 350, 354 (M.D. Pa. 1994) (citing cases).

be futile to amend the complaint with respect to this claim(s).  Consequently, the Court must dismiss, with prejudice, the Plaintiff's federal malicious prosecution claim(s).  In all other respects, the Memorandum Opinion and Order entered on March 14, 2008 remains in effect.

    An appropriate Order follows.

                                                                               McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK WAKEFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 07cv0800 |
| | ) | |
| OFFICER KEVIN WRIGHT, and | ) | |
| CHIEF HOWARD KIFER, of the | ) | |
| Glassport Police Department; and | ) | |
| KATY HANDRA, Glassport Pool Manager; | ) | |
| as well as the BOROUGH OF GLASSPORT, | ) | |
| a municipal corporation; In all Official and | ) | |
| Personal Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF COURT

AND NOW, this 1st day of May, 2008, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the any and all claims of malicious prosecution brought pursuant to 42 U.S.C. § 1983 are hereby **DISMISSED** for failure to state a claim.

In all other respects, the Memorandum Opinion and Order entered on March 14, 2008 remains in effect.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Frank Wakefield
2227 High Street
Glassport, PA 15045

Gary J. Matta, Esquire
Dodaro, Kennedy & Cambest
Email: office@dodarocambest.com